**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL STUDENT LEGAL DEFENSE NETWORK,
1015 15th Street NW, Suite 600
Washington, DC 20005

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF EDUCATION,
400 Maryland Avenue SW
Washington, DC 20202

*Defendant*.

Case No. 19-cv-3254

**COMPLAINT**

1. Plaintiff National Student Legal Defense Network (Student Defense) brings this action against the United States Department of Education (ED) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5

U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information, including through responses to FOIA requests submitted to government agencies, and publicizes these responses on, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant ED is a department of the executive branch of the United States government headquartered in the District of Columbia Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ED has possession, custody, and control of the records that Student Defense seeks.

**STATEMENT OF FACTS**

*FOIA Request*

7. On May 24, 2019, Student Defense submitted a FOIA request to ED seeking "certain communications between ED and certain third parties regarding, among other things, the extent to which the Department is receiving legal advice and communications from representatives of educational institutions regarding matters such as Dream Center Educational Holdings LLC ('DCEH') and Dream Center Foundation ('DCF'), the Department's management

of its authority to place institutions on Heightened Cash Monitoring, and the Department's use of Letters of Credit to manage taxpayer risks."

8. The Request sought the following records:

All communications from January 1, 2017 to the present between:

a) The Department's Office of the General Counsel, James Manning, Kathleen Smith, Mike Frola, Robin Minor, Tara Sikora, Elise Miller, Donna Mangold, and/or Diane Auer Jones, on the one hand

*and*

b) Any representative of any of the following firms: Hogan Marren Babbo & Rose Ltd.; Husch Blackwell LLP; Cooley LLP; SmithAmundsen LLC; and/or Swanson, Martin & Bell LLP, on the other hand.

9. The Request also provided specific search terms to enable the Department to identify the relevant documents. Specifically,

- "Dream Center" or "DCEH"
- HCM1
- HCM2
- "Heightened Cash Monitoring"
- "Letter of Credit"
- LOC
- "Composite Score."

10. ED assigned the request tracking number 19-01535-F.

11. On June 3, 2019, ED requested that Student Defense provide the email addresses or domains for the third parties listed in the request, specifically, Hogan Marren Babbo & Rose Ltd.; Husch Blackwell LLP; Cooley LLP; SmithAmundsen LLC; and Swanson, Martin & Bell LLP.

12. Later the same day, Student Defense provided the domains for each third party, as requested by ED. That day, ED acknowledged Student Defense's response and stated that it would "proceed accordingly."

13. On June 18, 2019, ED notified Student Defense that, "Due to the unusual circumstances that exist with your FOIA request as defined by [5] U.S.C. § 552(a)(6)(B)(i)(ii), the Department is implementing a 10-workday extension. The scope of your FOIA request requires the Department to conduct a search across multiple program offices, which we anticipate will result in a large amount of responsive records. We expect that we will be able to issue a determination to you by July 2, 2019."

14. On August 14, 2019, ED granted Student Defense's request for a fee waiver.

15. Student Defense has not received any further communication from ED regarding this Request.

16. As of October 2019, ED's website shows that Student Defense's request was "In Process." *See* United States Department of Education, FOIA Request Status, https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx (last visited Oct. 29, 2019).

*Exhaustion of Administrative Remedies*

17. As of the date of this complaint, ED has failed to (a) notify Student Defense of any determination regarding its FOIA request, including the scope of any responsive records ED intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

18. Through ED's failure to respond to Student Defense's FOIA request within the time period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

19. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20. Student Defense properly requested records within the possession, custody, and control of ED.

21. ED is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

22. ED has failed to promptly review agency records for the purpose of locating those records that are responsive to Student Defense's FOIA request.

23. ED's failure to conduct an adequate search for responsive records violates FOIA.

24. Student Defense is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Student Defense's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

25. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26. Student Defense properly requested records within the possession, custody, and control of ED.

27. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

28. ED is wrongfully withholding non-exempt agency records requested by Student Defense by failing to produce non-exempt records responsive to its FOIA request.

29. ED is wrongfully withholding non-exempt agency records requested by Student Defense by failing to segregate exempt information in otherwise non-exempt records responsive to Student Defense's FOIA request.

30. ED's failure to provide all non-exempt responsive records violates FOIA.

31. Student Defense is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, Student Defense respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Student Defense's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Student Defense's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Student Defense's FOIA request;

(4) Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Student Defense such other relief as the Court deems just and proper.

Dated: October 29, 2019

Respectfully submitted,

*/s/ Alexander S. Elson*
Alexander S. Elson (D.C. Bar No. 1602459)
Alice W. Yao (D.C. Bar No. 493789)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
(202) 734-7495
alex@defendstudents.org
alice@defendstudents.org